**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1342-CNS-SPB

Jesse Cunningham,
     Plaintiff.

v.

City of Fort Collins; and
Jason Haferman.
     Defendants.

---

**DEFENDANT CITY OF FORT COLLINS' ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
JURY DEMAND**

---

Defendant City of Fort Collins, ("City" or "Defendant") by and through their undersigned counsel, Hall & Evans, LLC, hereby submit the following as their Answer, Defenses, and Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand (ECF 24-1) ("Complaint").

1.     The allegations set forth in paragraph 1 of the Complaint, are conclusory while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 1 of the Complaint are determined to be factual, said allegations are denied, including but not limited to, the notion Plaintiff is entitled to any relief whatsoever.

2.     The City admits this Court has jurisdiction over the parties to this matter, but denies any such actions "arose" under the law set forth in paragraph 2. The City denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.      The City admits venue is proper in this Court, but denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.      The City admits this Court has jurisdiction over the parties, but denies Plaintiff is entitled to any relief, whatsoever, including but not limited to attorneys' fees.  The remaining allegations set forth in paragraph 4 of the Complaint, if any, are denied.

5.      The City admits Plaintiff was arrested in the City of Fort Collins, Colorado.  The remaining allegations set forth in paragraph 5 of the Complaint, are denied.

## II. PARTIES

6.      The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 6 of the Complaint, requiring denial of same.

7.      The City admits Defendant Jason Haferman was a POST Certified Police Officer for the City of Fort Collins, at the time of the incident as set forth in Plaintiff's Complaint.  The City lacks sufficient knowledge or information regarding the remaining allegations set forth in paragraph 7 of the Complaint, requiring denial of same.

8.      The City admits it is a municipal corporation, located in the State of Colorado and Fort Collins Police Services is a department within the City of Fort Collins.  The City further admits laws are enforced by the City through Fort Collins Police Services.  The City denies the remaining allegations set forth in paragraph 8 of the Complaint.

9.      The City admits that at the time of the incident as set forth in Plaintiff's Complaint, the City employed Jason Bogosian and Allen Heaton.  The City further admits the supervision of Corporal Bogosian and Sergeant Heaton, was delegated to Fort Collins Police Services.  The remaining allegations set forth in paragraph 9 of the Complaint, if any, are denied.

10.     The allegations set forth in paragraph 10 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 10 of the Complaint are determined to be factual, the City admits it, through Fort Collins Police Services, was responsible for the implementation and enforcement of policies and procedures specifically related to Fort Collins Police Services.  The remaining allegations set forth in paragraph 10 of the Complaint, are denied.

11.     The allegations set forth in paragraph 11 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 11 of the Complaint are determined to be factual, the City admits Sergeant Heaton had supervisory responsibilities over Jason Haferman, but deny any such responsibilities were not exclusive.  The City denies any arrests identified by the Plaintiff or Plaintiff's Counsel in this or other litigation, were wrongful.  In addition, the City states Sergeant Heaton has been dismissed from this lawsuit. The remaining allegations set forth in paragraph 11 of the Complaint, if any, are denied.

12.     The City admits at the time of the incident as set forth in the Complaint, Corporal Jason Bogosian was a Police Officer for the City of Fort Collins.  The City further admits at times, Corporal Bogosian was responsible for supervising Mr. Haferman.  In addition, the City state Corporal Bogosian has been dismissed from this lawsuit.  The remaining allegations set forth in paragraph 12 of the Complaint, are denied.

III.     STATEMENT OF FACTS

13.     The City admits the allegations set forth in paragraph 13 of the Complaint.

14.     The allegations set forth in paragraph 14 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 14 of the Complaint are determined to be factual, said allegations are denied.

15.     The allegations set forth in paragraph 15 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 15 of the Complaint are determined to be factual, said allegations are denied.

16.     The allegations set forth in paragraph 16 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 16 of the Complaint are determined to be factual, said allegations are denied.

17.     The allegations set forth in paragraph 17 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 17 of the Complaint are determined to be factual, said allegations are denied.

18.     The allegations set forth in paragraph 18 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 18 of the Complaint are determined to be factual, said allegations are denied.

19.     The allegations set forth in paragraph 19 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 19 of the Complaint are determined to be factual, said allegations are denied.

20.     The allegations set forth in paragraph 20 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 20 of the Complaint are determined to be factual, the City states the Court's conclusions in the *Larkin*

matter, speak for themselves. The remaining allegations set forth in paragraph 20 of the Complaint, are denied.

21.     The allegations set forth in paragraph 21 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 21 of the Complaint are determined to be factual, the City states the Court's conclusions in the *Larkin* matter, speak for themselves. The remaining allegations set forth in paragraph 21 of the Complaint, are denied.

22.     The allegations set forth in paragraph 22 of the Complaint, are denied.

23.     The allegations set forth in paragraph 23 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 23 of the Complaint are determined to be factual, the City states Mr. Haferman received training. The remaining allegations set forth in paragraph 23 of the Complaint, are denied.

24.     The allegations set forth in paragraph 24(a) to (c) of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 24(a) to (c) of the Complaint are determined to be factual, the said allegations are denied.

25.     The allegations set forth in paragraph 25 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 25 of the Complaint are determined to be factual, the said allegations are denied.

26.     The allegations set forth in paragraph 26 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 26 of the Complaint are determined to be factual, the said allegations are denied.

27.     The allegations set forth in paragraph 27 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 27 of the Complaint are determined to be factual, the said allegations are denied.

28.     The allegations set forth in paragraph 28 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 28 of the Complaint are determined to be factual, the said allegations are denied.

29.     The City admits at the time of the incident as set forth in the Complaint, Corporal Jason Bogosian was a Police Officer for the City of Fort Collins and at times, Corporal Bogosian a Mr. Haferman's supervisor.   The remaining allegations set forth in paragraph 29 of the Complaint, are denied.

30.     The City admits at some point Corporal Bogosian counseled Mr. Haferman regarding administration on one portion of the Standardized Field Sobriety Tests ("SFST").  The City states the training required by NHTSA speaks for itself.  The remaining allegations set forth in paragraph 30(a) to (i) are denied.

31.     The allegations set forth in paragraph 31 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 31 of the Complaint are determined to be factual, the said allegations are denied.

32.     The allegations set forth in paragraph 32 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 32 of the Complaint are determined to be factual, the said allegations are denied.

33.     The City admits a statement was made indicating internal review of DUI arrests are made, when tests from the CBI come back as negative for drugs or alcohol.  The City denies any

such statement is an admission.   The remaining allegations set forth in paragraph 33 of the Complaint, are denied.

34.     The allegations set forth in paragraph 34 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 34 of the Complaint are determined to be factual, the said allegations are denied.

35.     The allegations set forth in paragraph 35 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 35 of the Complaint are determined to be factual, the said allegations are denied.

36.     The City admits no "remedial action", discipline, or any other form of verbal counseling was given to Mr. Haferman by FCPS, with respect to the arrest of "C.B.".   The remaining allegations set forth in paragraph 36 of the Complaint, are denied.

37.     The allegations set forth in paragraph 37(a) to (p) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 37 of the Complaint are determined to be factual, the City states any rulings by the Court in the *Padilla* matter, speak for themselves.   The remaining allegations set forth in paragraph 37 of the Complaint, are denied.

38.     The allegations set forth in paragraph 38 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 38 of the Complaint are determined to be factual, the said allegations are denied.

39.     The allegations set forth in paragraph 39 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 39 of the Complaint are determined to be factual, the said allegations are denied.

40.     The allegations set forth in paragraph 40 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 40 of the Complaint are determined to be factual, the said allegations are denied.

41.     The allegations set forth in paragraph 41(a) to (c) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 41(a) to (c) of the Complaint are determined to be factual, the said allegations are denied.

42.     The allegations set forth in paragraph 42 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 42 of the Complaint are determined to be factual, the said allegations are denied.

43.     The allegations set forth in paragraph 43(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 43(a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

44.     The allegations set forth in paragraph 44(a) to (d) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 44(a) to (d) of the Complaint are determined to be factual, the said allegations are denied.

45.     The allegations set forth in paragraph 45(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 45 (a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

46.     The allegations set forth in paragraph 46(a) to (h) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 46(a) to (h) of the Complaint are determined to be factual, the said allegations are denied.

47.     The allegations set forth in paragraph 47 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 47 of the Complaint are determined to be factual, the said allegations are denied.

48.     The allegations set forth in paragraph 48 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 48 of the Complaint are determined to be factual, the said allegations are denied.

49.     The allegations set forth in paragraph 49 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 49 of the Complaint are determined to be factual, the said allegations are denied.

50.     The allegations set forth in paragraph 50 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 50 of the Complaint are determined to be factual, the said allegations are denied.

The City denies any allegations set forth between paragraphs 50 to 51 of the Complaint.

51.     The allegations set forth in paragraph 51 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 51 of the Complaint are determined to be factual, the said allegations are denied.

52.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 52 of the Complaint, requiring denial of same.

53.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 53 of the Complaint, requiring denial of same.

54.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 54 of the Complaint, requiring denial of same.

55.     The City admits there was a motorcycle accident, but is without sufficient knowledge or information regarding the remaining allegations set forth in paragraph 55 of the Complaint, requiring denial of same.

56.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 56 of the Complaint, requiring denial of same.

57.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 57 of the Complaint, requiring denial of same.

58.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 58 of the Complaint, requiring denial of same.

59.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 59 of the Complaint, requiring denial of same.

60.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 60 of the Complaint, requiring denial of same.

61.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 61 of the Complaint, requiring denial of same.

62.     The City admits Plaintiff and his family were asked to fill out witness statements. The City is without sufficient knowledge or information regarding the remaining allegations set forth in paragraph 62 of the Complaint, requiring denial of same.

63.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 63 of the Complaint, requiring denial of same.

64.     The City admits at some point, Mr. Haferman arrived on scene.

65.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 65 of the Complaint, requiring denial of same.

66.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 66 of the Complaint, requiring denial of same.

67.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 67 of the Complaint, requiring denial of same.

68.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 68 of the Complaint, requiring denial of same.

69.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 69 of the Complaint, requiring denial of same.

70.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 70 of the Complaint, requiring denial of same.

71.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 71 of the Complaint, other than those contained in footnote 5, requiring denial of same. The allegations set forth in footnote 5 of paragraph 71 are conclusory and therefore no response is required. To the extent the allegations in footnote 5 are determined to be factual, said allegations are denied.

72.     The allegations set forth in paragraph 72 of the Complaint are conclusory, and therefore no response is required. To the extent the allegations set forth in paragraph 72 of the Complaint are determined to be factual, said allegations are denied.

73.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 73 of the Complaint, requiring denial of same.

74.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 74 of the Complaint, requiring denial of same.

75.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 75 of the Complaint, requiring denial of same.

76.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 76 of the Complaint, requiring denial of same.

77.     The City admits Plaintiff was arrested, and also admits based on information and belief, Plaintiff was charged with some form of child abuse.  The remaining allegations, if any, are denied.

78.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 78 of the Complaint, requiring denial of same.

79.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 79 of the Complaint, requiring denial of same.

80.     The allegations set forth in paragraph 80 of the Complaint are conclusory and therefore no response is required.  To the extent the allegations set forth in paragraph 80 of the Complaint are determined to be factual, said allegations are denied.

81.     Based on information and belief, the City admits Plaintiff consented to a blood draw.  The remaining allegations set forth in paragraph 81 of the Complaint, are denied.

82.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 82 of the Complaint, requiring denial of same.

83.     The City is without sufficient knowledge or information regarding Mr. Haferman's interactions with Plaintiff's wife, and therefore denies any such allegations.  The remaining

allegations set forth in paragraph 83 of the Complaint are conclusory, and therefore no response is required. To the extent the remaining allegations set forth in paragraph 83 of the Complaint are determined to be factual, said allegations are denied.

84. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 84 of the Complaint, requiring denial of same.

85. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 85 of the Complaint, requiring denial of same.

86. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 86 of the Complaint, requiring denial of same.

87. Based on information and belief, Plaintiff was taken to jail. The remaining allegations and inferences set forth in paragraph 87, if any, are denied.

88. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 88 of the Complaint, requiring denial of same.

89. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 89 of the Complaint, requiring denial of same.

90. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 90 of the Complaint, requiring denial of same.

91. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 91 of the Complaint, requiring denial of same.

92. The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 92 of the Complaint, requiring denial of same.

93.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 93 of the Complaint, requiring denial of same.

94.     The City admits the allegations set forth in paragraph 94 of the Complaint.

95.     Based on information and belief, the City admits the allegations set forth in paragraph 95 of the Complaint.

96.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 96 of the Complaint, requiring denial of same.

97.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 97 of the Complaint, requiring denial of same.

98.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 98 of the Complaint, requiring denial of same.

99.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 99 of the Complaint, requiring denial of same.

100.    The allegations set forth in paragraph 100 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 100 of the Complaint are determined to be factual, said allegations are denied.

101.    The allegations set forth in paragraph 101 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 101 of the Complaint are determined to be factual, said allegations are denied.

102.    The allegations set forth in paragraph 102 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 102 of the Complaint are determined to be factual, said allegations are denied.

103.    The allegations set forth in paragraph 103 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 103 of the Complaint are determined to be factual, said allegations are denied.

104.    The allegations set forth in paragraph 104 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 104 of the Complaint are determined to be factual, said allegations are denied.

The allegations set forth between paragraphs 104 and 105 of the Complaint, are denied.

105.    The allegations set forth in paragraph 105 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 105 of the Complaint are determined to be factual, said allegations are denied.

106.    The allegations set forth in paragraph 106(a) to (l) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 106(a) to (l) of the Complaint are determined to be factual, the said allegations are denied.

107.    The allegations set forth in paragraph 107(a) to (f) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 107(a) to (f) of the Complaint are determined to be factual, the said allegations are denied.

108.    The allegations set forth in paragraph 108(a) to (f) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 108(a) to (f) of the Complaint are determined to be factual, the said allegations are denied.

109.    The allegations set forth in paragraph 109(a) to (g) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 109(a) to (g) of the Complaint are determined to be factual, the said allegations are denied.

110.     The allegations set forth in paragraph 110(a) to (f) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 110(a) to (f) of the Complaint are determined to be factual, the said allegations are denied.

111.     The City admits Mr. Elias is a Plaintiff in a lawsuit against the City.  The remaining allegations set forth in paragraph 111 of the Complaint are conclusory, and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 111 of the Complaint are determined to be factual, said allegations are denied.

112.     The allegations set forth in paragraph 112(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 112(a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

113.     The allegations set forth in paragraph 113(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 113(a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

114.     The City admits Derrick Groves was arrested on or about April 7, 2022.  The remaining allegations set forth in paragraphs 114 of the Complaint are conclusory, and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 114 of the Complaint are determined to be factual, said allegations are denied.

115.     The allegations set forth in paragraph 115(a) to (d) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 115 (a) to (d) of the Complaint are determined to be factual, the said allegations are denied.

The allegations set forth between paragraphs 115 to 116 of the Complaint, are denied.

116.     The City has not calculated the data set forth in paragraph 116 of the Complaint, and therefore the allegations are denied.

117.     The allegations set forth in paragraph 117(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 117(a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

118.     The allegations set forth in paragraph 118 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 118 of the Complaint are determined to be factual, the said allegations are denied.

The allegations set forth between paragraphs 118 and 119 of the Complaint, are denied.

119.     Based on information and belief a CORA request was received from Rob Low.  The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 119 of the Complaint, requiring denial of same.

120.     The City admits certain information was provided to Rob Low.  The remaining allegations set forth in paragraph 120 of Complaint are conclusory, and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 120 of the Complaint are determined to be factual, the said allegations are denied.

121.     The allegations set forth in paragraph 121 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 121 of the Complaint are determined to be factual, the said allegations are denied.

122.     The allegations set forth in paragraph 122 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 122 of the Complaint are determined to be factual, the said allegations are denied.

123.     The allegations set forth in paragraph 123 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 123 of the Complaint are determined to be factual, the said allegations are denied.

124.     The allegations set forth in paragraph 124 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 124 of the Complaint are determined to be factual, the said allegations are denied.

125.     The allegations set forth in paragraph 125 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 125 of the Complaint are determined to be factual, the said allegations are denied.

126.     The allegations set forth in paragraph 126 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 126 of the Complaint are determined to be factual, the said allegations are denied.

127.     The allegations set forth in paragraph 127(a) to (b) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 127 (a) to (b) of the Complaint are determined to be factual, the said allegations are denied.

128.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 128 of the Complaint, requiring denial of same.

129.     The allegations set forth in paragraph 129 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 129 of the Complaint are determined to be factual, the said allegations are denied.

130.     The allegations set forth in paragraph 130 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 130 of the Complaint are determined to be factual, the said allegations are denied.

131.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 131 of the Complaint, requiring denial of same.

132.     The City is without sufficient knowledge or information regarding the allegations set forth in paragraph 132 of the Complaint, requiring denial of same.

133.     The allegations set forth in paragraph 133 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 133 of the Complaint are determined to be factual, the said allegations are denied.

134.     The allegations set forth in paragraph 134 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 134 of the Complaint are determined to be factual, the said allegations are denied.

135.     The allegations set forth in paragraph 135135 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 118 of the Complaint are determined to be factual, the said allegations are denied.

136.     The allegations set forth in paragraph 136 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 136 of the Complaint are determined to be factual, the said allegations are denied.

137.     The allegations set forth in paragraph 137 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 137 of the Complaint are determined to be factual, the said allegations are denied.

138.    The allegations set forth in paragraph 138 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 138 of the Complaint are determined to be factual, the said allegations are denied.

139.    The City admits Chief Swoboda, through the City and Fort Collins Police Services released a video on YouTube.  The remaining allegations set forth in paragraph 139 of the Complaint, are denied.

140.    The allegations set forth in paragraph 140 of the Complaint, are denied.

141.    The allegations set forth in paragraph 141 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 141 of the Complaint are determined to be factual, the said allegations are denied.

142.    The City states the posts on Facebook speak for themselves.  The remaining allegations set forth in paragraphs 142(a) to (d) are conclusory and therefore no response is required.  To the extent the remaining allegations set forth in paragraph 142(a) to (d) are determined to be factual, said allegations are denied.

143.    The allegations set forth in paragraph 143 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 143 of the Complaint are determined to be factual, the said allegations are denied.

144.    The allegations set forth in paragraph 144(a) to (d) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 144 (a) to (d) of the Complaint are determined to be factual, the said allegations are denied.

145.    The allegations set forth in paragraph 145 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 145 of the Complaint are determined to be factual, the said allegations are denied.

146.    The allegations set forth in paragraph 146 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 146 of the Complaint are determined to be factual, the said allegations are denied.

147.    The allegations set forth in paragraph 147 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 147 of the Complaint are determined to be factual, the said allegations are denied.

148.    The allegations set forth in paragraph 148 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 148 of the Complaint are determined to be factual, the said allegations are denied.

149.    The allegations set forth in paragraph 149(a) to (b) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 149 (a) to (b) of the Complaint are determined to be factual, the said allegations are denied.

150.    The allegations set forth in paragraph 150 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 150 of the Complaint are determined to be factual, the said allegations are denied.

151.    The allegations set forth in paragraph 151 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 151 of the Complaint are determined to be factual, the said allegations are denied.

152.     The allegations set forth in paragraph 152 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 152 of the Complaint are determined to be factual, the said allegations are denied.

153.     The City admits the allegations set forth in paragraph 153.

154.     The allegations set forth in paragraph 154 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 154 of the Complaint are determined to be factual, the said allegations are denied.

155.     The allegations set forth in paragraph 155(a) to (c) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 155(a) to (c) of the Complaint are determined to be factual, the said allegations are denied.

156.     The allegations set forth in paragraph 156(a) to (e) of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 156 (a) to (e) of the Complaint are determined to be factual, the said allegations are denied.

157.     The allegations set forth in paragraph 157 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 157 of the Complaint are determined to be factual, the said allegations are denied.

158.     The allegations set forth in paragraph 158 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 158 of the Complaint are determined to be factual, the said allegations are denied.

159.     The allegations set forth in paragraph 159 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 159 of the Complaint are determined to be factual, the said allegations are denied.

160.    The allegations set forth in paragraph 160 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 160 of the Complaint are determined to be factual, the said allegations are denied.

161.    The allegations set forth in paragraph 161 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 161 of the Complaint are determined to be factual, the said allegations are denied.

162.    The allegations set forth in paragraph 162 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 162 of the Complaint are determined to be factual, the said allegations are denied.

163.    The allegations set forth in paragraph 163 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 163 of the Complaint are determined to be factual, the said allegations are denied.

164.    The allegations set forth in paragraph 164 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 164 of the Complaint are determined to be factual, the said allegations are denied.

165.    The City denies the allegations set forth in paragraph 165 of the Complaint.

166.    The City admits the allegations set forth in paragraph 166 of the Complaint.

167.    The City admits Chief Swoboda made a statement which was placed on the City's Facebook page.  The remaining allegations set forth in paragraph 167 of the Complaint, are denied.

168.    The allegations set forth in paragraph 168 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 168 of the Complaint are determined to be factual, the said allegations are denied.

169.     The allegations set forth in paragraph 169 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 169 of the Complaint are determined to be factual, the said allegations are denied.

170.     The allegations set forth in paragraph 170 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 170 of the Complaint are determined to be factual, the said allegations are denied.

171.     The allegations set forth in paragraph 171 of the Complaint, are denied.

IV. CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
Section 13-21-131, C.R.S. – Arrest without Probable Cause
Violation of Colorado Constitution, Article II, Section 7
(against Defendant Haferman)

The City denies the allegations set forth between paragraphs 171 to 172 of the Complaint, if any.

172.     The City hereby restates its responses to paragraphs 1 to 171 of the Complaint, as though full set forth herein.

Paragraphs 173 to 183 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 173 to 183 of the Complaint are determined to be direct to the City, any such allegations are denied.

SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983 – Unlawful Arrest Without Probable Cause – Individual, Failure-to-
Supervise/Train, Unconstitutional Pattern/Practice under *Monell*
Violation of Fourth Amendment, Due Process
(against Defendants Haferman, Sergeant Heaton, Corporal Bogosian, and Fort Collins)

The City denies the allegations set forth between paragraphs 183 to 184 of the Complaint, if any.

### HAFERMAN

Paragraphs 184 to 190 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 184 to 190 of the Complaint are determined to be direct to the City, any such allegations are denied.

### SERGEANT HEATON

Paragraphs 191 to 196 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 191 to 196 of the Complaint are determined to be direct to the City, any such allegations are denied.  It should also be noted Sergeant Heaton was dismissed from the Complaint.

### CORPORAL BOGOSIAN

Paragraphs 197 to 201 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 197 to 201 of the Complaint are determined to be direct to the City, any such allegations are denied.  It should also be noted Corporal Bogosian was dismissed from the Complaint.

### CITY OF FORT COLLINS

202.    The City admits it is a municipal corporation, located in the State of Colorado and Fort Collins Police Services is a department within the City of Fort Collins.  The City further admits laws are enforced by the City through Fort Collins Police Services.  The City denies the remaining allegations set forth in paragraph 202 of the Complaint.

203.    The City admits only to those duties imposed by law.  The remaining allegations set forth in paragraph 203 of the Complaint, if any, are denied.,

204.    The allegations set forth in paragraph 204 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 204 of the Complaint are determined to be factual, the City admits it, through Fort Collins Police Services, was responsible for the implementation and enforcement of policies and procedures specifically related to the Fort Collins Police Services.  The remaining allegations set forth in paragraph 204 of the Complaint, are denied.

205.    The allegations set forth in paragraph 205 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 205 of the Complaint are determined to be factual, any such allegations are denied.

206.    The allegations set forth in paragraph 206 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 206 of the Complaint are determined to be factual, any such allegations are denied.

207.    The allegations set forth in paragraph 207 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 207 of the Complaint are determined to be factual, any such allegations are denied.

208.    The allegations set forth in paragraph 208 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 207 of the Complaint are determined to be factual, any such allegations are denied.

209.    The allegations set forth in paragraph 209 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 209 of the Complaint are determined to be factual, any such allegations are denied.

210.   The allegations set forth in paragraph 210 of the Complaint are conclusory, and therefore no response is required.  To the extent the allegations set forth in paragraph 210 of the Complaint are determined to be factual, any such allegations are denied.

<u>THIRD CLAIM FOR RELIEF</u>
Section 13-21-131, C.R.C. – Violation of Due Process
Malicious Prosecution
Violation of Colorado Constitution, Article II, Section 25
(against Defendant Haferman)

211.   The City restates its responses to paragraphs 1 to 211 of the Complaint, as though fully set forth herein.

Paragraphs 212 to 219 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 212 to 219 of the Complaint are determined to be direct to the City, any such allegations are denied.

<u>FOURTH CLAIM FOR RELIEF</u>
42 U.S.C. § 1983 - Malicious Prosecution
Fourth Amendment, Due Process Violations
(against Defendant Haferman)

220.   The City restates its responses to paragraphs 1 to 219 of the Complaint, as though fully set forth herein.

Paragraphs 221 to 225 of the Complaint do not purport to be addressed to the City, and therefore no response is provided.  To the extent the allegations set forth in paragraphs 221 to 225 of the Complaint are determined to be direct to the City, any such allegations are denied.

**PRAYER FOR RELIEF**

The City denies Plaintiff is entitled to any relief whatsoever.

The City denies each and every allegation after the word "WHEREFORE" set forth on page 70 of the Complaint.

## GENERAL DENIAL

The City denies each and every allegation set forth in Plaintiff's Complaint, not specifically admitted herein.

### **Demand for jury trial**

The City of Fort Collins demands a trial by jury of all clams in this matter.

### **Affirmative Defenses**

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Probable cause existed supporting Plaintiff's arrest.

3.      Plaintiff is not entitled to any relief being sought or claimed in the Complaint under any legal theories asserted therein.

4.      On information and belief, some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action omission of or by the Defendant, nor proximately caused by or related to any act or omission of the Defendant.

5.      All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.  In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability.

6.      Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by their own acts or omissions, either in combination with one another or independent of one another.

7.      Plaintiff cannot satisfy all or some of the prerequisites to a grant of injunctive or declaratory relief in this matter.  Any request for injunctive or declaratory relief is moot.

8.      The City is not liable for any punitive damages pursuant to state or federal law.

9.      There is no custom, practice, policy, or procedure in place which is a proximate cause of Plaintiff's alleged Constitutional violations.

10.     The City reserves its rights to assert other or additional defenses and affirmative defenses as may become known in the course of proceedings.

WHEREFORE, after answering all the allegations in Plaintiff's Complaint requiring a response, the City of Fort Collins requests the Court enter an order dismissing all elements of all claims against it, awarding it costs and attorneys' fees, and ordering any other relief as deemed just.

Respectfully submitted this 9th day of April 2024.

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Robert A. Weiner, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
weinerr@hallevans.com
hoffmank@hallevans.com

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 9th day of April 2024, a true and correct copy of the foregoing **DEFENDANT CITY OF FORT COLLINS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** was filed with the Court via CM/ECF and served on the below-listed party by email:

Sarah Schielke, Esq.
sarah@lifeandlibertylaw.com

Jonathan M. Abramson, Esq.
jabramson@sgrllc.com

Yulia Nikolaevskaya, Esq.
jnikolaevskaya@sgrllc.com

*s/ Sarah Stefanick*